**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **JOANNE BIGGS, ADMINISTRATOR OF THE ESTATE OF DEVON MARIE MARTIN,** ) ) ) ) | |
| *Plaintiff*, ) ) | |
| **v.** ) ) | **Civil Action No. 3:23cv376** |
| **WAWA, INC.,** ) ) | **JURY TRIAL REQUESTED** |
| *Defendant*. ) ) | |
| **SERVE:** ) **CT CORPORATION SYSTEM** ) **4701 COX ROAD, STE 285** ) **GLEN ALLEN, VA 23060** | |

## COMPLAINT

The Plaintiff Joanne Biggs, Administrator of the Estate of Devon Marie Martin, by counsel and pursuant to Federal Rules of Civil Procedure 8(a) and 17(a), states the following as her Complaint against Defendant Wawa, Inc.:

## PRELIMINARY STATEMENT

1.      This is an action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k) (the "Pregnancy Discrimination Act" or "PDA"); and the Virginia Human Rights Act, ,Va. Code §§ 2.2-3900, *et seq*. (the "VHRA"), to correct and remedy the unlawful employment practices complained of herein.

2.      Devon Marie Martin ("Ms. Martin" or "Decedent") was an employee of Wawa, Inc. ("Wawa") from on or about September 26, 2021, until on or about the end of August 2022. Throughout her employment with Wawa, Ms. Martin worked as a Customer Service Associate.

Ms. Martin died on March 3, 2023.  On May 3, 2023, Ms. Martin's mother, Joanne Biggs, qualified as the Administrator of Ms. Martin's estate and brings this action on behalf of and for the benefit of the estate.

3.     During her employment with Wawa, the Store's management knew that Ms. Martin was pregnant, that she suffered from pregnancy-related medical conditions, and that she required pregnancy-related accommodations.  Nonetheless, Wawa and its Store managers violated the PDA and VHRA by, *inter alia*, failing to provide Ms. Martin with proper pregnancy accommodation notices; denying Ms. Martin work opportunities because of her pregnancy, pregnancy-related accommodation requests, and complaints about pregnancy-related workplace harassment; failing to engage with Ms. Martin in the interactive process in a timely fashion; failing to reasonably accommodate Ms. Martin's pregnancy-related medical needs; subjecting Ms. Martin to disparate disciplinary treatment not suffered by her similarly situated, non-pregnant peers; and subjecting Ms. Martin to a hostile work environment that was so severe and pervasive that it created an abusive environment and altered the conditions of her employment.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331, because this is an action arising under the laws of United States, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over Defendant because Wawa has substantial contacts with and regularly conducts business within the Commonwealth of Virginia.

6.     Before her death, Ms. Martin timely exhausted the administrative remedies available to her under 42 U.S.C. §§ 2000e, *et seq*., and Virginia Code §§ 2.2-3907 and -3908.  Ms. Martin filed a timely Complaint and First Amended Complaint with the Virginia Office of the Attorney General, Office of Civil Rights (OAG/ OCR) on or about February 2 and March 10, 2022, respectively and, pursuant to a workshare agreement between the OAG/OCR and the United States Equal Employment Opportunity Commission ("EEOC"), Ms. Martin's Complaint and Amended Complaint were deemed filed with both agencies.  The OAG/ OCR issued Plaintiff a Notice of Right to File Civil Action in this matter on or about March 17, 2023. Plaintiff has requested a Notice of Right to Sue from the EEOC, and, upon information and belief, the EEOC is issuing a Notice of Right to Sue.  This Complaint is timely filed within the ninety- (90-) day period afforded by 42 U.S.C. § 2000e-5(f)(1) and Virginia Code § 2.2-3909.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the unlawful employment practices alleged herein were committed in the Eastern District of Virginia, and Wawa operates and conducts business in and around the Eastern District of Virginia, which includes Richmond, Virginia.

## PARTIES

8.     Devon Marie Martin served as an employee of Wawa from September 26, 2021, until on or about the end of August 2022.  She was a citizen of the United States and resided in Henrico County, Virginia.

9.     Joanne Biggs, Administrator of the estate of Devon Marie Martin ("Plaintiff" or "Ms. Biggs"), was duly qualified as the Administrator of Ms. Martin's estate by the Richmond City Circuit Court, Virginia, on or about May 3, 2023. As Administrator of Ms. Martin's estate,

Ms. Biggs has standing to assert the claims of Ms. Martin against Wawa, as alleged herein, and those claims survive Ms. Martin's death.

10.    Defendant employs more than 10,000 individuals nationwide.  Its corporate headquarters are located at 260 West Baltimore Avenue, Media, Pennsylvania, 19063, and it maintains and operates more than ninety (90) stores in the Commonwealth of Virginia.

11.    At all times material hereto, Wawa was and is a "person" within the meaning of Title VII, Section 701, 42 U.S.C. § 2000e(a).  At all times material hereto, Wawa was and is an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. § 2000e(b), and within the meaning of the VHRA, Va. Code §§ 2.2-3905 and -3909.

## FACTS

### Ms. Martin's Employment, Pregnancy and Requests for Accommodation

12.    On or about September 26, 2021, Wawa hired Ms. Martin to work as a Customer Service Associate at Wawa Store Number 8647, located at 9100 Three Chopt Rd., Henrico, Virginia, 23294 (the "Store").  Her first day of work at the Store was October 4, 2021.

13.    On or about her first day of work, Ms. Martin informed the Store's management (Brittany) that she was pregnant, a fact that Ms. Martin had only recently learned herself.  The manager replied, "You should have told us that before we hired you."

14.    At that time, Ms. Martin anticipated giving birth on or about May 8, 2022.

15.    Virginia Code § 2.2-3909(D) imposed upon Wawa specific duties with respect to Ms. Martin, including the duty to post in a conspicuous location information concerning Ms. Martin's rights to reasonable accommodation for known limitations related to pregnancy, childbirth, or related medical conditions and to directly provide her with such information within 10 days of her providing notice to Wawa that she was pregnant. During the early months of Ms.

Martin's employment, Wawa breached these duties by failing to post the required notices and by failing to provide such information directly to Ms. Martin within ten (10) days of her notifying Wawa that she was pregnant.

16.     During her first week of employment, Ms. Martin experienced pregnancy-related symptoms that required her to take frequent and unanticipated bathroom breaks.  On one such occasion, a Store manager (Mary) followed Ms. Martin into the bathroom, peeked around the restroom stall barrier, and said to Ms. Martin something like, "I know you're pregnant, but these bathroom breaks are [too] frequent."

17.     The next day, Ms. Martin reported this harassment to the Store's General Manager, Monica McKinney.  Thereafter, Ms. Martin noticed that her co-workers regularly followed her into the bathroom, monitored her activity and reported back to management.

18.     Throughout her pregnancy, Wawa's management harassed Ms. Martin regarding her need for pregnancy-related bathroom breaks.  The worst incident of such harassment occurred on November 8, 2021, after Ms. Martin requested but was denied a bathroom break, causing her to urinate on herself while working at the front counter.  She was humiliated.  Ms. Martin was sent home to change her clothes, and she returned about twenty minutes later.  Ms. Martin was then permitted to work for another short period of time but was sent home again due to a power outage.  During the power outage, other non-pregnant employees were allowed to remain at the store and on the clock.

19.     During the months of October and November 2021, Wawa regularly discriminated and retaliated against Ms. Martin because of her pregnancy; her requests for pregnancy-related accommodations, which included requests to take both emergent and pre-authorized leave for

pregnancy-related medical appointments; and her complaints to various managers that Wawa was not abiding by the pregnancy accommodation provisions of the VHRA.

20.     For example, in late October and early November of 2021, Ms. Martin suffered from severe, pregnancy-related gastrointestinal distress and incontinence, which resulted in emergent bathroom breaks.  On October 30, 2021, Wawa issued Ms. Martin a verbal reprimand for taking such emergent breaks, and management told her that she could not leave the Store's front counter during her shift.  The next day, Ms. Martin called out sick to try to avoid further disciplinary action, but on November 1, 2021, she received a second, more formal written warning for having taken unauthorized leave.

21.     On November 3, 2021, Ms. Martin attempted to provide her General Manager, Ms. McKinney, with a personal letter explaining her need for pregnancy-related accommodations. Angry with Ms. Martin, Ms. McKinney said she could not accept the letter, which she dramatically crumpled and discarded in the trash.  Ms. McKinney then yelled that Ms. Martin should just "contact Corporate."

22.     As a result of Ms. McKinney's November 3rd hostility toward Ms. Martin, which exacerbated Ms. Martin's already-severe nausea, Ms. Martin complained to Ms. McKinney about both the Store's failure to provide her with bathroom accommodations and management's constant harassment related to her pregnancy symptoms.  Physically and mentally unable to cope with any further harassment from Ms. McKinney, Ms. Martin left work.  Twelve days later, Wawa formally disciplined Ms. Martin for leaving work early on November 3, 2021.

23.     On or about November 11, 2021, despite Wawa's pre-authorization of leave for her medical appointment and Ms. Martin's provision of a doctor's note in support of the same, Wawa disciplined her after her medical appointment ran later than expected.

24.     On November 13, 2021, Wawa sent Ms. Martin home from work and formally disciplined her after she briefly pulled down her PPE mask to compensate for breathing difficulties. On the same date, a similarly situated male colleague, who regularly served customers while wearing his PPE mask over his mouth but not his nose, was allowed to remain at work without suffering any disciplinary action.

25.     Between November 4 and November 24, 2021, Ms. Martin made several attempts to contact Wawa's Corporate office to inquire about the process for requesting pregnancy-related accommodations.  At one point, Ms. Martin spoke with a representative who said that she would speak with a leave specialist and then get back to Ms. Martin.  Shortly after that, Wawa contacted Ms. Martin by telephone to say that the Company would mail her an accommodation request packet, which Ms. Martin could fill out and return to Wawa.  In the weeks that followed, Ms. Martin did not receive an accommodation request packet by mail.

26.     On or about November 11, 2021, Ms. Martin's treatment provider wrote a one-page accommodation request letter confirming Ms. Martin's pregnancy and asking for general, pregnancy-related accommodations, including both short and longer breaks during the day, permission to drink plenty of fluids throughout the day, a stool to sit on during her shifts, and certain lifting restrictions.

27.     On or about November 16, 2021, Ms. Martin tried to submit her November 11, 2021, accommodation request letter to Wawa by email, using her cellular phone and the only corporate Wawa email address she could find.  Upon information and belief, Wawa did not receive Ms. Martin's November 16 accommodation request letter.

28.     Because Ms. Martin did not then own a computer, on November 21, 2021, she paid a third-party vendor to fax a packet of information to Wawa's corporate office.  With her packet,

she included a cover letter complaining about the Store's mistreatment of her and explaining in detail the accommodations she was requesting; a copy of her physician's November 11, 2011, accommodation request letter; several doctors' notes excusing various absences for pregnancy-related illness and appointments; and an appointment note showing the date of her upcoming, pregnancy-related ultrasound. *See* Martin Accommodation Request Packet, attached hereto as Exhibit A.

29.     On or about November 22, 2021, Ms. Martin notified the Store's management, in person, that she did not feel safe working in the discriminatory and hostile work environment Wawa had created in the absence of reasonable pregnancy-related accommodations. She requested that she not be scheduled to return to work until Wawa granted her reasonable, pregnancy-related accommodations.

30.     Wawa's corporate Supervisor of Leave Administration, Ms. Maria Moul ("Ms. Moul"), acknowledged receipt of Ms. Martin's accommodation request packet (Exhibit A) in an email dated November 24, 2021. On or about November 24, 2021, Ms. Moul also contacted Ms. Martin by phone. In her November 24 email and again in emails dated December 2 and December 3, 2021, Ms. Moul rejected the November 11, 2021, accommodation request letter submitted by Ms. Martin's physician. Rather, Ms. Moul demanded "proof of [Ms. Martin's] pregnancy and [her] estimated delivery date" and more detailed information relating to her maximum lifting restrictions and the length and frequency of the breaks she would need. On December 3, 2021, Ms. Moul emailed Ms. Martin, stating that Ms. Martin's requested accommodations "would be denied if [Wawa did] not receive the additional information from [her] physician."

31.     On or about December 8, 2021, Ms. Martin forwarded to Ms. Moul an updated letter from Ms. Martin's physician, which confirmed her pregnancy and her expected delivery date of May 8, 2022.

32.     On or about December 13, 2021, more than three (3) weeks after she submitted her original accommodation request, Wawa provided Ms. Martin with a letter approving some of her accommodation requests, including a lifting accommodation, permission to take three (3) seven- (7-) minute breaks per four- (4-) hour shift, and permission to sit on a stool when she worked in certain areas of the store.

33.     Although Wawa had ostensibly approved Ms. Martin's accommodation request by December 13, 2021, Wawa declined to schedule Ms. Martin to work any shifts until January 10, 2022.  Moreover, in January of 2022, Wawa reduced Ms. Martin's scheduled hours from an average of 34-37 hours per week to 12 or fewer hours per week.  Two Store managers explained that Wawa had reduced Ms. Martin's scheduled hours because Ms. Martin had made requests for accommodations.  Neither Ms. Martin nor her doctor had requested that her workweek be limited to 12 hours of work or less.

34.     With respect to her pregnancy-related bathroom breaks, Store management informed Ms. Martin that they would be monitoring the length of her breaks "very, very carefully," and if she were to use more than the allotted seven (7) minutes per hour, management would clock her out.  Moreover, Ms. Martin was required to sign in and out, with each signature to be initialed by a manager, before and after each of her allowed breaks.  Upon information and belief, no other non-pregnant Wawa employee was required to have his or her breaks monitored and/or approved in writing by management.

35.     On her first day back to work, January 10, 2022, Ms. Martin was scheduled to work from 7 a.m. until 11 a.m., and she was told to take a 7-minute break at the top of each hour, starting at 8 a.m.  At 9 a.m., Ms. Martin took her second break.  At 9:06 am, she was returning to the front counter when she was stopped by a customer.  Although she spent time helping the customer before she was able to clock back in, her Store manager insisted on deducting the additional time beyond Ms. Martin's permitted seven- (7-) minute break.  When Ms. Martin tried to explain that she was assisting a customer, the manager became angry with her.  After a heated exchange, Ms. Martin was sent home from work, and she was later disciplined for this encounter.

36.     On January 12, 2022, Ms. Martin contacted Wawa, through counsel, to reiterate her complaints about the Store's mistreatment of and retaliation against her, its delay in engaging with her in the interactive process, and its denial of reasonable pregnancy-related accommodations and work opportunities.

37.     Several days later, the Store finally posted on the back of the break room door a current Virginia labor law poster, which advises employees *inter alia* of their accommodation rights under the VHRA.  This replaced the previous, illegible and outdated poster, which was taped up close to the break room ceiling, making it unreadable.  Around the same time, the Store posted a single-page, paper VHRA Pregnancy Accommodation law notice, which also was taped up near the ceiling where it was nearly illegible.  *See* photographs attached hereto as Exhibit B, showing Wawa's placement of notices.

38.     After her return to work, in January 2021, Wawa regularly scheduled Ms. Martin to work in the deli, rather than at the front counter where she had worked before asking for accommodations.  In the deli, Wawa denied Ms. Martin access to a stool; rather, she was required

to stand for long periods of time on a concrete floor.  Ms. Martin's repeated requests to return to the front counter, where she might have been permitted to sit on a stool, were denied.

39.     Likewise, while working in the deli, Wawa refused to permit Ms. Martin to have access to drinking water other than during her breaks.

40.     In fact, the only accommodation that Wawa consistently allowed Ms. Martin was the closely monitored 7-minute break each hour, which often resulted in significant management harassment regarding how she used those breaks.

41.     After returning to work on January 10, 2022, and due to many factors including the hostile work environment to which Store management was subjecting her, Ms. Martin suffered several health crises, including a mental health breakdown on January 23, 2022, and a pregnancy-related health issue on February 3-4, 2023.  Both incidents were substantiated by notes from Ms. Martin's treatment providers, which were delivered to Wawa's Supervisor of Leave Administration, Ms. Moul.

42.     On February 11, 2022, Wawa informed Ms. Martin that she could not return to work until she provided Wawa with notes from her treatment providers releasing her to return to work.

43.     On February 17, 2022, Ms. Martin provided Wawa with a letter from her obstetrician releasing her to return to work with the same pregnancy-related accommodations and restrictions she had previously requested.  Nonetheless, Wawa asked Ms. Martin for *additional* pregnancy accommodation paperwork and refused to permit her to return her to work until it received that paperwork.

44.     On or about February 24, 2022, Ms. Martin obtained updated pregnancy accommodation paperwork from her obstetrician requesting that she be permitted the following

accommodations, most of which were identical to those she had previously requested: a mat to stand on, a stool to sit on for "a few minutes every 1-2 hours," up to one bathroom break per hour, permission to keep a water bottle at her work station, and no lifting over 20 pounds.  The doctor also requested that Ms. Martin be provided with 6-8 weeks of leave after delivery of her baby. Ms. Martin sent this documentation to Wawa on February 25, 2022.

45.     On February 28, 2022, Ms. Moul emailed Ms. Martin and said that because Wawa could not provide Ms. Martin with the requested pre-delivery accommodations, she could not return to work until after the birth of her child. By forcing Ms. Martin to take leave in lieu of some other accommodation, Wawa violated Va. Code § 2.2-3909 (B)(4), which makes it unlawful for an employer to require an employee to take leave if another reasonable accommodation can be provided to the known limitations related to the pregnancy, childbirth, or related medical conditions of such employee.

46.     Ms. Martin gave birth to her child, a daughter, on May 4, 2022.

47.     On May 12, 2022, Ms. Martin sent a completed Proof of Birth form to Wawa's Supervisor of Leave Administration, Ms. Maria Moul.

48.     On or about June 13, 2022, having received no communication from Wawa, Ms. Martin contacted Ms. Moul to inquire about being returned to the Store's work schedule.  Ms. Moul responded by email, providing Ms. Martin with a letter backdated to June 6, 2022, telling her to contact her Store manager.

49.     On the same day, Ms. Martin received a text from her Store manager, who requested that Ms. Martin inform her, no later than June 16, 2022, when Ms. Martin would return to work.

50.     Ms. Martin responded promptly by text, asking to be scheduled to work evening shifts on weekdays and daytime shifts every other weekend.  Additionally, she requested a private

location other than a bathroom to express milk during her shifts.  On June 16, 2022, Ms. Moul responded regarding the requested shifts, saying that Wawa would order a privacy screen for Ms. Martin and that Wawa would reach out to Ms. Martin with her schedule "[o]nce the privacy screen is at the store or we have an estimated date of when it should arrive."

51.     Upon information and belief, Wawa did not schedule Ms. Martin to return to work until July of 2022.  Thereafter, Wawa scheduled Ms. Martin for shifts no greater than three (3) hours in length, which meant that she received no break time and could not express milk while she was working.

52.     Upon her return to work, Ms. Martin noticed that the Store had granted two non-pregnant employees the accommodations she previously had been denied.  One employee, a male, was permitted to work while fully seated on a stool, and a non-pregnant female was granted cushioned mats upon which to stand.

53.     From July of 2022 to August of 2022, Wawa scheduled Ms. Martin to work only a total of approximately thirty (30) hours.  When she did work, the Store's management continued to subject Ms. Martin to an openly hostile work environment.

54.     As a result of Wawa's open hostility and its refusal to permit her to work more than three-hour shifts, Ms. Martin gave notice to Wawa that she would resign from her employment two weeks thereafter at the end of August 2022, but she remained available to work through that time period.  Although she provided Wawa with a two-week notice period, Wawa refused to schedule Ms. Martin for any hours after the date of her notice.

**COUNT I**
**CLAIM FOR PREGNANCY DISCRIMINATION PURSUANT TO TITLE VII/**
**PREGNANCY DISCRIMINATION ACT**

55.     Plaintiff hereby incorporates as though fully alleged herein the allegations set forth in the foregoing paragraphs.

56.     Decedent was female and was protected from sex discrimination by Title VII.

57.     The Pregnancy Discrimination Act amends 42 U.S.C. § 2000e, Title VII of the Civil Rights Act of 1964, and prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions.

58.     Specifically, 42 U.S.C. § 2000e (k) provides: "The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment- related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e-2(h) of this title [section 703(h)] shall be interpreted to permit otherwise."

59.     At all times relevant to this Complaint, Wawa was Decedent's "employer," as that term is defined by Title VII and the Pregnancy Discrimination Act.

60.     At all times relevant to this Complaint, Decedent was an "employee" of Wawa, as "employee" is defined by Title VII and the Pregnancy Discrimination Act, who was qualified to serve in the role of Customer Service Associate.

61.     At all times relevant to this Complaint, Decedent was a member of the class protected by the Pregnancy Discrimination Act in that she was pregnant or had recently given birth to a child.

62.     At all times relevant to the Complaint, Wawa was aware that Decedent was pregnant or had recently given birth to a child.

63.     During her employment with Wawa, Ms. Martin performed the essential functions of her position satisfactorily.

64.     Wawa discriminated against Ms. Martin by treating her differently from and less preferentially than similarly situated, non-pregnant employees and by subjecting her to discrimination on the basis of her pregnancy and/or related medical conditions.

65.     Both before and after the birth of Ms. Martin's child, Wawa violated Title VII and the PDA by subjecting Ms. Martin to adverse employment actions related to her pregnancy and pregnancy-related medical conditions including but not limited to denied work opportunities, unwarranted disciplinary action, and a hostile work environment.

66.     Wawa violated Title VII and the PDA by permitting a work environment to exist that was discriminatory to Ms. Martin and by wrongfully subjecting her to pregnancy- and childbirth-related adverse employment actions.

67.     Wawa would not have denied Ms. Martin work opportunities or subjected her to unwarranted disciplinary action and/or a hostile work environment but for Ms. Martin's pregnancy and pregnancy-related medical conditions.  Alternatively, Ms. Martin's pregnancy and pregnancy-related medical conditions were motivating factor(s) in Wawa's decisions to subject Ms. Martin to adverse employment conditions that included, but were not limited to, denied work opportunities, unwarranted disciplinary action and/or a hostile work environment.

68.     As a direct and proximate result of the actions of Wawa, Decedent suffered pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

69.     At all times material hereto, Wawa engaged in discriminatory practices in violation of Ms. Martin's federally protected rights so as to support an award of compensatory damages, costs and reasonable attorneys' fees.

## COUNT II
## CLAIM FOR PREGNANCY DISCRIMINATION PURSUANT TO THE VIRGINIA HUMAN RIGHTS ACT

70.     Plaintiff hereby incorporates as though fully alleged herein the allegations set forth in the foregoing paragraphs.

71.     Decedent was female and was protected from sex discrimination by the Virginia Human Rights Act. Va. Code § 2.2-3905(B).

72.     The VHRA prohibits discrimination on the basis of pregnancy, childbirth or related medical conditions. Va. Code § 2.2-3905(B).

73.     The VHRA also prohibits employers from using pregnancy, childbirth or related medical conditions as a motivating factor for any adverse employment action, even if other factors also motivate that action.  Va. Code § 2.2-3905(B)(6).

74.     At all times relevant to this Complaint, Wawa was Decedent's "employer," as that term is defined by the VHRA. Va. Code § 2.2-3905(A).

75.     At all times relevant to this Complaint, Decedent was a pregnant or previously-pregnant employee of Wawa who served in the role of Customer Service Associate.

76.     At all times relevant to this Complaint, Decedent was a member of the class protected by the VHRA in that she was pregnant or had recently given birth to a child.

77.     At all times relevant to the Complaint, Wawa was aware that Decedent was pregnant or had recently given birth to a child.

78.     During her employment with Wawa, Ms. Martin performed the essential functions of her position satisfactorily.

79.     Wawa discriminated against Ms. Martin by treating her differently from and less preferentially than similarly situated, non-pregnant employees and by subjecting her to discrimination on the basis of her pregnancy and/or related medical conditions.

80.     Both before and after the birth of Ms. Martin's child, Wawa violated the VHRA by subjecting Ms. Martin to adverse employment actions related to her pregnancy and pregnancy-related medical conditions including but not limited to denied work opportunities, unwarranted disciplinary action, and a hostile work environment.

81.     Wawa violated the VHRA by permitting a work environment to exist that was discriminatory to Ms. Martin and by wrongfully subjecting her to pregnancy- and childbirth-related adverse employment actions.

82.     Wawa would not have denied Ms. Martin work opportunities or subjected her to unwarranted disciplinary action and/or a hostile work environment but for Ms. Martin's pregnancy and pregnancy-related medical conditions.  Alternatively, Ms. Martin's pregnancy and pregnancy-related medical conditions were motivating factor(s) in Wawa's decisions to subject Ms. Martin to adverse employment conditions that included, but were not limited to, denied work opportunities, unwarranted disciplinary action and/or a hostile work environment.

83.     As a direct and proximate result of Wawa's discriminatory actions, Decedent suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

84.     At all times material hereto, Wawa engaged in a discriminatory practice or practices in violation of Decedent's VHRA-protected rights so as to support an award for compensatory damages, costs and reasonable attorneys' fees.

## COUNT III
## CLAIM FOR FAILURE TO ACCOMMODATE
## PURSUANT TO THE VIRGINIA HUMAN RIGHTS ACT

85.     Plaintiff hereby incorporates as though fully alleged herein the allegations set forth in the foregoing paragraphs.

86.     The VHRA prohibits employers from "refus[ing] to make reasonable accommodation to the known limitations of a person related to pregnancy, childbirth, or related medical conditions, unless the employer can demonstrate that the accommodation would impose an undue hardship on the employer." Va. Code § 2.2-3909(B)(1).

87.     The fact that Wawa grants accommodations to non-pregnant employees that are the same as or similar to those requested by Ms. Martin creates a rebuttable presumption that Ms. Martin's requested accommodations did not impose an undue hardship on Wawa. Va. Code § 2.2-3909(B)(1)(b).

88.     The VHRA requires that employers engage in a timely, good faith interactive process with any employee who has requested a pregnancy- or post-pregnancy accommodation to determine if the requested accommodation is reasonable and, if such accommodation is determined not to be reasonable, to discuss potential alternative accommodations. Va. Code § 2.2-3909(C).

89.     The VHRA imposes a duty on employers to post in a conspicuous location and include in any employee handbook information concerning the employee's right to reasonable accommodations for known limitations related to pregnancy, childbirth, or related medical conditions. Such information must also be directly provided to (i) new employees upon

commencement of their employment and (ii) any employee within 10 days of such employee's providing notice to the employer that she is pregnant. Va. Code § 2.2-3909(D).

90. "Reasonable accommodation," under the VHRA, "includes more frequent or longer bathroom breaks, breaks to express breast milk, access to a private location other than a bathroom for the expression of breast milk, acquisition or modification of equipment or access to or modification of employee seating, a temporary transfer to a less strenuous or hazardous position, assistance with manual labor, job restructuring, a modified work schedule, light duty assignments, and leave to recover from childbirth." Va. Code § 2.2-3909(A).

91. At all times relevant to this Complaint, Wawa was Decedent "employer," as that term is defined by the pregnancy accommodation portion of the VHRA. Va. Code § 2.2-3909(A).

92. At all times relevant to this Complaint, Decedent was a pregnant or post-pregnant employee of Wawa who requested pregnancy and post-pregnancy accommodations, respectively.

93. Both at the time of her hire and upon learning that Ms. Martin was pregnant, Wawa failed to provide Ms. Martin with information regarding its procedure for requesting pregnancy-related accommodations.

94. At all relevant times, Wawa failed to post in a conspicuous location within the Store information concerning its employees' rights to reasonable accommodation for known limitations related to pregnancy, childbirth, or related medical conditions.

95. Wawa failed to engage with Ms. Martin in the interactive process in a timely way and/or in good faith.

96. Wawa failed to provide Ms. Martin with reasonable pregnancy and post-pregnancy-related accommodations, including but not limited to sufficient bathroom breaks, a stool or

cushioned mat on which to sit or stand during her shifts, access to drinking water at her workstation, and/or sufficient lactation breaks.

97.     Wawa required Ms. Martin to take unpaid, pregnancy-related leave from February 3 or 4 through May 4, 2022, rather than providing her with reasonable pregnancy-related accommodations.

98.     As a direct and proximate result of Wawa's actions, Decedent suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

99.     Because Wawa violated Ms. Martin's VHRA-protected rights in refusing to grant Ms. Martin reasonable pregnancy and post-pregnancy related accommodations, Plaintiff is entitled to an award for compensatory damages, costs and reasonable attorneys' fees.

<u>**COUNT IV**</u>
**CLAIM FOR UNLAWFUL RETALIATION**
**PURSUANT TO TITLE VII/ PREGNANCY DISCRIMINATION ACT**

100.     Plaintiff hereby incorporates as though fully alleged herein the allegations set forth in the foregoing paragraphs.

101.     Title VII prohibits employers from engaging in unlawful retaliation against an employee because that employee has engaged in protected activity.  42 U.S.C. § 2000e-3(a).

102.     During her employment with Wawa, Ms. Martin engaged in protected activity by *inter alia* requesting pregnancy- and post pregnancy-related accommodations, complaining to Wawa about its failures to provide her with reasonable accommodations, and complaining to Wawa about its disparate treatment of her based on her pregnancy.

103.    Wawa retaliated against Ms. Martin for engaging in protected activity by subjecting her to adverse employment actions that included, but were not limited to, disciplinary action, a hostile work environment, and denied work opportunities.

104.    Wawa's adverse employment actions against Ms. Martin were motivated by and proximately related to her engagement in protected activity.

105.    As a direct and proximate result of Wawa's unlawful retaliation, Ms. Martin suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

106.    Because Wawa violated Decedent's federally protected rights in subjecting her to pregnancy-related retaliation, she is entitled to an award of compensatory damages, costs and reasonable attorneys' fees.

**COUNT V**
**CLAIM FOR UNLAWFUL RETALIATION**
**PURSUANT TO THE VIRGINIA HUMAN RIGHTS ACT**

107.    Plaintiff hereby incorporates as though fully alleged herein the allegations set forth in the foregoing paragraphs.

108.    The VHRA prohibits an employer from engaging in unlawful retaliation against an employee because that employee has engaged in protected activity.  Va. Code § 2.2-3905(B)(7).

109.    During her employment with Wawa, Decedent engaged in protected activity by *inter alia* requesting pregnancy- and post pregnancy-related accommodations, complaining to Wawa about its failure to provide her with reasonable accommodations, and complaining to Wawa about its disparate treatment of her based on her pregnancy.

110.    Wawa retaliated against Decedent for engaging in protected activity by subjecting her to adverse employment actions that included, but were not limited to, disciplinary action, a hostile work environment, and denied work opportunities.

111.    Wawa's adverse employment actions against Decedent were motivated by and proximately related to her engagement in protected activity.

112.    As a direct and proximate result of Wawa's unlawful retaliation, Decedent suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

113.    Because Wawa violated Decedent's VHRA-protected rights in subjecting her to pregnancy-related retaliation, Plaintiff is entitled to an award of compensatory damages, costs and reasonable attorneys' fees.

<u>**COUNT VI**</u>
**CLAIM FOR HOSTILE WORK ENVIRONMENT**
**PURSUANT TO TITLE VII/ PREGNANCY DISCRIMINATION ACT**

114.    Plaintiff hereby incorporates as though fully alleged herein the allegations set forth in the foregoing paragraphs.

115.    Title VII makes it unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex.  42 U.S.C. § 2000e-2(a)(1).

116.    Wawa had a duty to maintain a work environment that was free from pregnancy-based harassment.

117.    During her employment, the Store's management subjected Decedent to harassment due to her pregnancy and pregnancy-related medical conditions that was so

unwelcome, severe and pervasive that it altered the conditions of her employment and created an abusive atmosphere.

118.   Wawa's pregnancy-based harassment included, but was not limited to, throwing Ms. Martin's accommodation request letter in the trashcan, denying Ms. Martin bathroom breaks to the point of causing her public incontinence, instructing employees to monitor and report on Ms. Martin's bathroom use, denying Ms. Martin access to drinking water during her shifts, denying Ms. Martin access to a cushioned mat or stool on which to stand or sit during her shifts, denying Ms. Martin compensable work time for assisting a customer while returning from the bathroom, denying Ms. Martin shifts working at the front counter, and generally subjecting Ms. Martin to verbal hostility on a daily basis.

119.   Ms. Martin perceived her work environment to be abusive or hostile, and a reasonable woman in Ms. Martin's circumstances would consider the working environment to be abusive or hostile.

120.   Ms. Martin complained to Wawa about the hostile work environment in which she found herself, but Wawa failed to take prompt remedial action reasonably calculated to redress Ms. Martin's complaints and/or to end the harassment.

121.   As a direct and proximate result of the pregnancy-related hostile work environment to which Wawa subjected her, Ms. Martin suffered physical pain, physical and emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, pecuniary losses, and other non-pecuniary losses.

122.   Because Wawa violated Decedent's federally protected rights in subjecting her to a pregnancy-related hostile work environment, Plaintiff is entitled to an award of compensatory damages, costs and reasonable attorneys' fees.

## COUNT VII
## CLAIM FOR HOSTILE WORK ENVIRONMENT
## PURSUANT TO THE VIRGINIA HUMAN RIGHTS ACT

123.    Plaintiff hereby incorporates as though fully alleged herein the allegations set forth in the foregoing paragraphs.

124.    The VHRA prohibits discrimination on the basis of pregnancy, childbirth or related medical conditions. Va. Code § 2.2-3905(B).

125.    The VHRA also prohibits employers from using pregnancy, childbirth or related medical conditions as a motivating factor for any adverse employment action, even if other factors also motivate that action.  Va. Code § 2.2-3905(B)(6).

126.    Wawa had a duty to maintain a work environment that was free from pregnancy-based harassment.

127.    During her employment, the Store's management subjected Ms. Martin to harassment due to her pregnancy and pregnancy-related medical conditions that was so unwelcome, severe and pervasive that it altered the conditions of her employment and created an abusive atmosphere.

128.    Wawa's pregnancy-based harassment included, but was not limited to, throwing Ms. Martin's accommodation request letter in the trashcan, denying Ms. Martin bathroom breaks to the point of causing her public incontinence, instructing employees to monitor and report on Ms. Martin's bathroom use, denying Ms. Martin access to drinking water during her shifts, denying Ms. Martin access to a cushioned mat or stool on which to stand or sit during her shifts, denying Ms. Martin compensable work time for assisting a customer while returning from the bathroom, denying Ms. Martin shifts working at the front counter, and generally subjecting Ms. Martin to verbal hostility on a daily basis.

129.    Ms. Martin perceived her work environment to be abusive or hostile, and a reasonable woman in Ms. Martin's circumstances would consider the working environment to be abusive or hostile.

130.    Ms. Martin complained to Wawa about the hostile work environment in which she found herself, but Wawa failed to take prompt remedial action reasonably calculated to redress Ms. Martin's complaints and/or to end the harassment.

131.    As a direct and proximate result of the pregnancy-related hostile work environment to which Wawa subjected her, Decedent suffered physical pain, physical and emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, pecuniary losses, and other non-pecuniary losses.

132.    Because Wawa violated Decedent's VHRA-protected rights in subjecting her to a pregnancy-related hostile work environment, Plaintiff is entitled to an award of compensatory damages, punitive damages, costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Joanne Biggs, Administrator of the Estate of Devon Marie Martin, prays for judgment against Defendant Wawa, Inc. and for compensatory damages, together with prejudgment interest from the date of Defendant's unlawful activity; an award of her costs and reasonable attorneys' fees, and such other and further relief as may be just and equitable.

**TRIAL BY JURY IS DEMANDED.**

Respectfully,

JOANNE BIGGS, ADMINISTRATOR OF THE ESTATE OF DEVON MARIE MARTIN,

By Counsel

/s/ Nichole Buck Vanderslice
Nichole Buck Vanderslice (VSB #42637)
*Email: nvanderslice@nbvlaw.com*
LAW OFC OF NICHOLE BUCK VANDERSLICE, PLLC
9019 Forest Hill Avenue, Suite 2C
Richmond, VA 23235
Telephone: 804.272.2920
Counsel for Plaintiff


/s/ Blackwell N. Shelley, Jr.
Blackwell N. Shelley, Jr. (VSB #28142)
SHELLEY CUPP SCHULTE, P.C.
3 W. Cary Street
Richmond, Virginia 23220
Tel:  (804) 644-9700
Fax:  (804) 278-9634
Email: *shelley@scs.law*